# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                            Case No. 07-CR-316

**DAVID STRIBLING, et. al.,**

        **Defendants.**

## ORDER GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

On November 19, 2007, this court signed a criminal complaint charging David Stribling ("Stribling") and Wesley Hoze ("Hoze") with armed bank robbery, in violation of Title 18, United States Code, Sections 2113(a), 2113(d) and 2. The defendants appeared before this court on the afternoon of November 19, 2007. On December 4, 2007, the grand jury returned a two count indictment against the two defendants named in the complaint, alleging in count one that the defendants committed an armed bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (d), and in count two that the defendants possessed a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1) and (2). On December 18, 2007, the grand jury returned a superseding indictment adding two defendants to count one.

On December 19, 2007, Stribling filed a motion to sever his trial from that of Hoze, (Docket No. 14), and a motion to suppress statements, (Docket No. 15). In his motion to suppress, Stribling requested an evidentiary hearing. The government responded to Stribling's request for an evidentiary hearing on December 21, 2007. (Docket No. 17.) On December 26, 2007, Stribling

replied with an amended motion to suppress that was accompanied by an amended affidavit. (Docket No. 18.)

It is well established that defendants are not entitled to evidentiary hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

Requests for evidentiary hearings in this district are governed by Criminal L.R. 12.3 whereby the movant must "provide a description of the material disputed facts that the movant claims require and evidentiary hearing." On December 26, 2007, counsel for Stribling, Paul E. Bucher, submitted an amended affidavit wherein he states that after Stribling previously invoked his right to counsel, as Stribling was being transferred from state to federal custody following his arrest,

> [l]aw enforcement approached the defendant at this time and defendant's constitutional right to have his attorney present was not scrupulously honored. Further, the government re-initiated contact with the defendant and took advantage of the transfer of custody to re-initiate interrogation of the defendant. Therefore, defendant Stribling's alleged waiver of counsel was not knowing or voluntary.

(Docket No. 18 at 4, ¶10.)

The court finds that Stribling's motion and Attorney Bucher's affidavit fail to satisfy the requirements of Criminal L.R. 12.3. Specifically, Attorney Bucher fails to identify the disputed material facts that warrant an evidentiary hearing. Although Attorney Bucher sets forth alleged facts in his affidavit, he does not indicate which, if any, of these facts are disputed. Second, the defendant has failed to demonstrate that there is a dispute of material fact that would entitled him to the relief he requests in his motion.

In his motion, Stribling set forth the following legal basis for suppression:

> [T]he defendant assets (sic) that any such statements were made in violation of rights guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The defendant requests an evidentiary hearing to determine whether proper Miranda warnings were given to the defendant, whether the defendant properly waived rights guaranteed in the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and to test the voluntariness of any such statement.

(Docket No. 18 at 1.)

Attached to its response, the government has provided the court a copy of the "Advice of Rights" form signed by Stribling. (Docket No. 17-2.) On this form, the Miranda rights are set forth as are the following sentences: "I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present." (Docket No. 17-2.) This is followed by Stribling's signature. (Docket No. 17-2.) Further, handwritten on this form is the statement, "I previously invoked my rights to Detective Spano & wish now to talk. I have initiated this contact." (Docket No. 17-2.) This statement is immediately followed again by Stribling's signature. (Docket No. 17-2.) Stribling does not, in any way, challenge the propriety of this document. The government submits that an evidentiary hearing is not necessary. It is the government's position that in light of the absence of a challenge to this document, it stands un-refuted that Stribling reinitiated the interrogation after having previously invoked his right to counsel, was re-advised of his constitutional rights, chose to waive these rights, and gave a voluntary inculpatory statement.

Notwithstanding the failure of defendant's attorney to comply with this district's local rules, the court has engaged in a more detailed analysis of the defendant's motion in an effort to extract its apparent substance in the interest of not simply denying it based on procedural failures. It appears that the following facts are undisputed:

(1) Following Stribling's arrest, he was advised of his constitutional rights and he invoked his right to counsel.

(2) Upon Stribling invoking his right to counsel, law enforcement did not question him.

(3) Later, Stribling signed the "Advice of Rights" form, (Docket No. 17-2), was interrogated, and gave an inculpatory statement.

The following facts appear to be disputed:

(1) Was it law enforcement or Stribling who re-initiated the interrogation?

(2) Was Stribling's statement voluntary?

Therefore, the court shall grant Stribling's request for an evidentiary hearing to resolve the two disputed issues set forth above. The evidentiary hearing shall be limited to these two disputed issues and the three undisputed issues set forth above shall be accepted as facts by the court unless within 2 days of this court's order, counsel for Stribling submits a further statement to the court in compliance with Criminal L.R. 12.3 specifically describing the material disputed facts for which an evidentiary hearing is necessary to resolve.

Both parties should be prepared to proceed with oral argument immediately following the hearing in lieu of post-hearing briefs on the merits of the defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that Stribling's request for an evidentiary hearing is **granted**. An evidentiary hearing shall be conducted in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, at **9:30 a.m.** on **January 16, 2008.** The evidentiary hearing shall be limited to the disputed facts identified above unless Stribling complies with the court's order, as set forth above.

Dated at Milwaukee, Wisconsin this 27th day of December 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
